CASE 92—HOMESTEAD—JANUARY 31, 1884.

## Fish v. Hunt.

#### APPEAL FROM ROCKCASTLE CIRCUIT COURT.

1. The debt of appellee existed prior to the erection of the improvements on the land, and the land was never occupied by appellee as a homestead until after the improvements were made.
2. There is by the statute no homestead exemption "if the debt or liability existed prior to the purchase of the land *or of the erection of the improvements.*"
3. A debtor will not be permitted to improve his land, *not occupied as a homestead*, by expending his means for that purpose so as to affect existing creditors.
4. He is not entitled to a homestead on the land.

SAM. M. BURDETT FOR APPELLANT.

The petition of appellant avers that the debt of appellee existed prior to the erection of the improvements.

Existing prior to the making of the improvements, appellee never having lived upon it as a homestead until after the improvements were made, the plain terms of the statute cuts appellee off from any claim to a homestead. (Gen. Stat., ch. 38, art. 13, sec. 16; Guffin v. Proctor, 14 Bush, 571; Nichols v. Sennett, 78 Ky., 630.)

W. O. BRADLEY, ISAAC A. STEWART, AND J. K. McCLARY FOR APPELLEE.

It is not necessary that the party should both own the land and erect improvements upon it before the creation of the debt. Either of these is sufficient.

The creditor can not complain that he has parted with his money on the faith of the property, the appellee not then being in the possession of the land, because the statute gave the creditor full notice that if ap-

pellee moved upon the land, and used it with his family before his execution should issue, he could not subject it to his debt. (Gen. Stat., ch. 38, art. 13, sec. 16; Guffin v. Proctor, 14 Bush, 572; Nichols v. Sennett, 78 Ky., 631; Jewell v. Clark, *Ib.*, 398.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellee in this case purchased a small tract of land, and erected upon it improvements in the way of dwelling-house, stable, &c., and after he had removed to the premises the appellant had an execution levied upon the land, and sold it for the payment of his debt. A deed was made him by the sheriff, and the question now made is, "was the debtor entitled to a homestead?" The facts alleged and not controverted, but admitted by the demurrer, are that the debt of the appellee existed prior to the erection of the improvements on the land, and therefore, by the express provision of the statute, the land could be subjected to its payment. The place had never been occupied as a homestead until the improvements were made.

Section 16 of article 13, chapter 38, is as follows: "The exemption provided for in this chapter shall apply to all persons, of any race or color, who are actual *bona fide* housekeepers with a family, of this Commonwealth, but shall not apply to sales under execution, attachment, or judgment, at the suit of creditors, *if the debt or liability existed prior to the purchase of the land or the erection of the improvements.*" It is plain, if the appellee had purchased the land with the improvements upon it, that no homestead would exist as against a prior indebtedness, and, if so, we can not see why the debtor should be permitted to expend his means in making such improvements on land that he had never lived on, or occupied as a homestead, to the injury of creditors whose claims existed prior to the expenditure, and therefore the statute, in express terms, excludes the right to a home-

stead, not only when the purchase of the land was made after the creation of the debt, but when the improvements were made after the liability was incurred. There is no exemption "if the debt or liability existed prior to the purchase of the land, *or of the erection of the improvements.*" The language of the statute is susceptible of but one meaning, and a debtor is not allowed to improve his land not occupied as a homestead, by an expenditure of his means for that purpose, so as to affect existing creditors.

The value of the land purchased, or the improvements placed upon it, can not control the construction of the statute. If the land and improvements combined are only worth $1,000, the construction must be the same. The debtor is using means that properly belong to his creditors, for the purpose of acquiring a homestead for himself and family. The case of Nichols against Sennett (reported in 78 Ky.) does not establish a different rule, or recognize any other construction of this section of the statute. The first question decided in that case was as to the sufficiency of the petition. It was alleged that at the time of the levy and sale under execution the appellant was a housekeeper in good faith, with a family, and occupying the premises as a homestead, but omitted to allege that the *improvements were made prior to the creation of the debt.* This court held the petition good, saying: "When exceptions to the general provisions of a statute are found in a distinct clause, it is not necessary to allege that the exemption act does not come within the exceptions." The statement of facts made a *prima facie* case, and the burden was on the defendant to show that the plaintiff was not entitled to the exemption made by the statute. The second question was, "must the homestead exist at the time the debt is created, or is it

sufficient that it exists at the time the attempt is made to subject the property?" The inquiry to be made is not when the debtor entered upon or occupied the homestead, for if such is the construction given the statute, the debtor, although he had purchased the property and made his improvements prior to the creation of the debt, still he is denied the right to a homestead because he was not occupying it when the debt was contracted. If the debtor is in the actual occupancy of the homestead, as said in the case of Nichols v. Sennett, at the time the attempt is made to subject the land, he is entitled to the exemption, but the right to the exemption can not be asserted if the debt existed prior to the purchase of the land or the erection of the improvements.

Nichols v. Sennett decides that occupancy prior to the creation of the debt is not necessary to entitle the debtor to the exemption, and expressly holds that if the land was purchased, or improvements made after the creation of the debt, no homestead can be asserted as against the claim of the prior creditor.

The other questions raised by the demurrer will not be considered, as, in our opinion, the petition contains a cause of action.

Judgment reversed and cause remanded, with directions to overrule the demurrer and for proceedings consistent with this opinion.